Ruffin, Chief Justice,
 

 after stating the case as above, proceeded as follows: The question arising on the record is, whether it be a misdemeanor to play at cards in a tavern, when the player does not. but another person does, bet on the game; and upon looking into the statute, we are of opinion, that there is, at present, no law making such playing a crime.
 

 The only law now in force, that bears on the case, is found in the 69th section of the “ act concerning crimes and punishments.” 1 Rev. Stat. ch. 34. That enacts, that “every person who shall
 
 play
 
 at any game of cards in a tavern,
 
 and
 
 
 *15
 

 bet
 
 any money or property, whether the same be in stake or not, shall be deemed guilty of a misdemeanor, and that every person
 
 who shall bet
 
 on any such game so played, shall be guilty of a misdemeanor.” The act then, in its terms, provides for two cases: The first, playing
 
 and
 
 betting: The second, betting by itself. But the case of playing, by itself, or that of playing games on which
 
 others
 
 bet, is not within the words of the section, nor, apparently, is it within the meaning of the Legislature; except so far as it may be supposed to fall among the mischiefs which ought to be suppressed: and if that were yielded, the court could not extend a statute of this character beyond the fair force of its words. But when recurrence is had to the laws, as they were expressed before the revision, it will be seen- at once, that the court is restricted to this construction of the Revised Statute.
 

 The 69th section is taken from the act of 1799, Rev. L. ch. 526; and is expressed in the words of the first part of that act, except that it adopts the provision of the act of 1801, Rev. Laws, ch. 581, that the offence shall be punishable as a misdemeanor by indictment, instead of information before a justice of the peace for a penalty. But that is not the only provision of the act of 1801. It makes other important alterations of the law; particularly one which we think would have reached this case, had it been incorporated into the Revised Statute. That act of 1801, provides in the first part of it, that a tavern keeper who suffers any of the forbidden games to be played on his premises, or who furnishes the players with refreshments, shall be deemed guilty of a misdemeanor. Then, in the second part of the act, follow these words: “ and every person
 
 playing
 
 at any of the said games, in manner above described, shall be deemed guilty of a misdemeanor.” Now, as by the first part of this act, a tavern keeper was guilty who suffered in his house any game of cards, on which
 
 any
 
 persons betted, whether such betters were the players or others; so under the subsequent clause, it would seem to follow, that
 
 every
 
 person
 
 playing
 
 at any such game would likewise be guilty, if
 
 any
 
 persons bet on the game, whether such betters be the players or others. But if this was the correct construction of the
 
 *16
 
 act of 3801, it cannot affect the present case; for that part of the act is not transferred to the Revised Statute, and the omission, whether designed or inadvertent, is fatal to this indictment. Under the act, as it now stands, betting by the party-charged is an essential part of the offence, whether that person or another be the player. The judgment of the Superior Court was therefore right.
 

 Per Curiam. Judgment affirmed.